AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*December 08, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Oscar Rene Pineda-Guzman AKA Oscar Guzman | ) ) ) ) ) | Case No. **4:25-mj-731** |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of December 07, 2025 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Honduras, and an alien who had been previously deported from the United States, Subsequent to having been convicted of a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Rafael Viesca, Supervisory Detention and Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 12/08/2025

*Judge's signature*

City and state:   Houston, Texas   Hon. Peter Bray, United States Magistrate Judge
*Printed name and title*

4:25-mj-731

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rafael Viesca, being duly sworn telephonically, hereby depose and say:

(1)   I am a Supervisory Detention and Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 5, 2023. My law enforcement career began March 09, 2014, as a Law Enforcement Specialist with Federal Protective Service (FPS). I served in that capacity until September 29, 2017, when I transitioned to Immigration and Customs Enforcement as a Deportation Officer. I currently have over 9 years of immigration law enforcement experience.

(2)   On December 7, 2025, at 1:55 a.m. ICE Houston encountered Oscar Rene Pineda-Guzman, also known as Oscar Guzman, while incarcerated at the Harris County Jail. On the same date ERO Houston lodged Form I-247 Immigration Detainer – Notice of Action.

(3)   On December 7, 2025, at approximately 6:00 p.m., Harris County Jail transferred the Defendant to the custody of ICE Houston at the Montgomery Processing Center. On December 08, 2025, at approximately 7:00 a.m., ERO Houston found the defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326 (a) and (b).

(4)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(5)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(6)   <u>Element One</u>: The Defendant is a citizen and national of El Salvador and not a native,citizen or national of the United States.

(7)   <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasions:

   a. Removed on 10/02/2020

(8)   <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on December 7, 2025, at Houston, Texas, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support

Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On December 8, 2025, LESC advised me that it had no record on such an encounter.

(9)   Element Four:  The Defendant did not have permission to reenter the United States. On December 8, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(10)   Prior Criminal History.  The Defendant has the following prior criminal history:

a) On November 5, 2001, the County Court At Law No 1, Houston, TX, convicted the defendant for the offence of driving while intoxicated misdemeanor, and sentence to 8 days in the county jail.

b) On February 3, 2006, the County Criminal Court at law No 4 in Houston, TX, convicted the defendant of interfering with an emergency request for assistance and sentenced the defendant to 11 months of probation.

c) On February 3, 2006, the County Criminal Court at Law No 4 in Houston, TX, dismissed the defendant's misdemeanor assault (causing bodily injury to a family member) charge.

d) On June 11, 2012, the County Court at Law No 1 in Houston, TX, convicted the defendant of driving while intoxicated (second offense, misdemeanor) and sentenced him to 60 days in the county jail.

e) On April 1, 2014, the 337th District Court in Houston, TX, convicted the defendant of felony driving while intoxicated (third or subsequent offense) and sentenced him to four years of probation.

f) On April 1, 2014, the 337th District Court in Houston, TX, dismissed the defendant's charge of misdemeanor possession of marijuana (2 ounces).

g) On April 12, 2018, the 337th District Court in Houston, TX, revoked the defendant's community supervision for the 3rd DWI and sentenced him to four years of incarceration in the Texas Department of Criminal Justice (TDCJ).

      h) On December 6, 2025, Houston Police Department arrested the defendant for driving while license invalid. This case is currently pending.

(11) On December 8, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Amanda Alum (832) 492-2493 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

_____
Rafael Viesca, Supervisory Detention and Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on the 8th day of December 2025, and I find probable cause.

_____
Hon. Peter Bray  United States Magistrate Judge Southern District of Texas